## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TAMIKA CALLENDER-HAMMOND** | : |
| **9341 Matador Road** | |
| **Columbia, MD 21045** | : |
| | |
| **and** | : |
| | |
| **RAVEN HAMMOND** | : |
| **9341 Matador Road** | |
| **Columbia, MD 21045** | : |
| | |
| **Plaintiffs,** | :   Case No. _____ |
| | |
| **v.** | : |
| | |
| | : |
| | |
| **YUREKLI TUNCAY** | : |
| **1454 McLean Mews Court** | |
| **McLean, VA 22101** | : |
| | |
| | : |
| | |
| **Defendant.** | : |

### COMPLAINT FOR DAMAGES
#### (Automobile Collision)

Plaintiffs, Tamika Callender-Hammond and Raven Hammond, through their attorneys, Patrick M. Regan, Christopher J. Regan, Daniel Santos, and the law office of Regan Zambri Long PLLC, respectfully demand judgment against Defendant Yurekli Tuncay on the grounds and in the amount set forth below:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over this action under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of parties.

2.    The Court is a proper venue for this action under 28 U.S.C. § 1391(b)(2) because the acts out of which the action arises occurred in the District of Columbia.

## PARTIES

3.    Plaintiff Tamika Callender-Hammond is an adult resident of the State of Maryland and is the biological mother of Raven Hammond.

4.    Plaintiff Raven Hammond is an adult resident of the State of Maryland and is the biological daughter of Tamika Callender-Hammond.

5.    Upon information and belief, Defendant Yurekli Tuncay ("Defendant Tuncay") is an adult resident of the Commonwealth of Virginia.

6.    At the time of the collision, Defendant Tuncay was an employee, agent, and/or servant of Uber Technologies, Inc., and was acting within the course and scope of his employment.

## FACTS

7.    On the evening of July 15, 2023, Plaintiff Tamika Callender-Hammond ("Ms. Callender-Hammond") and Plaintiff Raven Hammond ("Ms. Hammond") were enjoying a birthday dinner at a restaurant located in Georgetown with their friend, Kristina O'Neill ("Ms. O'Neill").

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, D.C. 20036

202-463-3030

- 2 -

8.     At around 11:14 p.m., Ms. O'Neill ordered an Uber ride through the Uber app for herself, Ms. Callender-Hammond, and Ms. Hammond, to be picked up on Connecticut Avenue, NW and dropped off at Ms. O'Neill's home address at 10024 Kendale Road, Potomac, MD 20854.

9.     At approximately 11:21 p.m., Defendant Tuncay arrived at the pick-up location and was operating a 2021 Kia K5.

10.    Ms. O'Neill and Ms. Hammond entered the backseat of the Uber vehicle and promptly fastened their seatbelts, with Ms. O'Neill sitting in the left passenger seat behind the driver's seat and Ms. Hammond sitting to her right.

11.    While Ms. Callender-Hammond was getting into the front passenger seat of the Uber vehicle, Defendant Tuncay began to pull away from the curb with her foot still on the curb and passenger door still open. The Defendant Tuncay was ordered to stop the vehicle until all passengers were completely inside the vehicle with the doors shut.

12.    Defendant Tuncay, acting within the course and scope of his employment with Uber Technologies, Inc., proceeded to drive Plaintiffs and Ms. O'Neill to their destination.

13.    Defendant Tuncay immediately made an aggressive and illegal U-turn at the intersection of Connecticut Avenue NW and 18th Street NW while pedestrians were actively crossing in the crosswalk.

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, D.C. 20036

202-463-3030

- 3 -

14.    Plaintiffs and Ms. O'Neill were very vocal at this point, demanding Defendant Tuncay to "slow down" and to "please be more careful" as they began to worry about their safety.

15.    Defendant Tuncay responded to the demands of Plaintiffs and Ms. O'Neill with a smile, and continued to operate his vehicle in a reckless and aggressive manner seemingly absent of consideration for the safety of his passengers and surrounding vehicles.

16.    At approximately 11:38 p.m., Defendant Tuncay was traveling on Canal Road NW towards the Chain Bridge intersection continuing the assigned route of Ms. O'Neill's ride.

17.    It was dark outside and raining; Defendant Tuncay was closely following the vehicle in front of him, a Silver Mercedes-Benz M-Class, while simultaneously constantly looking at his phone mounted on the dashboard instead of paying full and proper attention to the surrounding traffic patterns.

18.    Plaintiffs and Ms. O'Neill noticed the Silver Mercedes-Benz in front of them slow down to comply with the surrounding traffic patterns, and noticed Defendant Tuncay was not paying attention to the surrounding traffic pattern changes because he was looking at his phone instead of the road.

19.    Plaintiffs and Ms. O'Neill began yelling at Defendant Tuncay to slow down and stop to avoid colliding into the vehicle in front of them.

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, D.C. 20036

202-463-3030

- 4 -

20.     Defendant Tuncay looked up, slammed on his brakes, and was forced to partially veer to the right towards the wooded area lining the road to avoid the initial collision.

21.     As a direct result of this initial reckless maneuver, Ms. Callender-Hammond's entire body was jolted back and forth, causing her to hit her head and resulting in severe initial whiplash, neck injuries, and head injuries.

22.     As a direct result of this initial reckless maneuver caused by Defendant Tuncay, Ms. Hammond's entire body was jolted back and forth, causing her to hit her head and resulting in severe initial whiplash, neck injuries, and head injuries.

23.     As a result of this reckless and careless driving and the sudden maneuver caused by Defendant Tuncay, Defendant Tuncay's vehicle was rear-ended by a Ford F150 with great force thus causing his vehicle to rear-end the Silver Mercedes-Benz.

24.     The identify of the driver who rear-ended Defendant Tuncay is unknown to Plaintiffs at this time.

25.     As a direct result of being rear-ended, Ms. Callender-Hammond was again violently jolted back and forth. This time, she hit the back of her head on the headrest and then slammed into the passenger door.

26.     As a direct result of being rear-ended, Ms. Hammond was again violently jolted back and forth resulting in a second whiplash.

27.     After the collision, Defendant Tuncay moved his vehicle to a safe location off the road while Ms. Callander-Hammond called 911 from the front passenger seat.

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, D.C. 20036

202-463-3030

- 5 -

28.    At this time, Ms. Callender-Hammond was experiencing additional injuries including immediate and severe pain in her neck, head, and jaw, as well as feeling extremely confused and disoriented.

29.    At this time, Ms. Hammond was experiencing additional injuries including neck pain and head pain, as well as feeling extremely confused and disoriented.

30.    The two other vehicles involved in the collision decided to drive away before the police officers and EMS personnel arrived on scene, and the driver of the Ford F150 left without providing any contact or auto insurance information.

31.    Metropolitan D.C. Police officers and EMS personnel promptly arrived where Defendant Tuncay's vehicle was located, near the scene of the incident.

32.    Due to worsening symptoms continuing into the following day, Ms. Callender-Hammond and Ms. Hammond promptly reported to Patient First for medical evaluation and treatment.

33.    As a direct and proximate result of the collision caused by Defendant Tuncay's negligence, Ms. Callender-Hammond suffered severe injuries including, but not limited to severe whiplash, concussion, neck pain, limited range of motion in neck, head pain, contusion of scalp, contusion of right foot, post-concussion symptoms, dizziness, nausea, jaw pain, worsened TMJ symptoms, left-sided thoracic back pain with left-sided sciatica, lower back pain, and thoracic disc herniation.

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, D.C. 20036

202-463-3030

- 6 -

34.     As a direct and proximate result of the collision caused by Defendant Tuncay's negligence, Ms. Callender-Hammond has incurred, and will continue to incur, substantial medical expenses; has incurred, and will continue to incur substantial lost wages; and has suffered, and will continue to suffer, extreme physical and emotional pain, suffering, and anguish, as well as other damages.

35.     As a direct and proximate result of the collision caused by the Uber Driver Defendant's negligence, Ms. Hammond suffered severe injuries including, but not limited to neck pain, stiffness in neck, head pain, concussion, post-concussion symptoms, brain fog, and worsened depression and anxiety.

36.     As a direct and proximate result of the collision caused by Defendant Tuncay's negligence, Ms. Hammond has incurred, and will continue to incur, substantial medical expenses, and has suffered, and will continue to suffer, extreme physical and emotional pain, suffering, and anguish, as well as other damages.

## COUNT I
### (Automobile Collision – Negligence)

37.     Plaintiffs incorporate by reference the foregoing paragraphs as if fully set forth herein, and further alleges that at all relevant times herein, Defendant Tuncay owed a duty to Plaintiffs a duty to operate his vehicle in a safe, prudent, and appropriate manner consistent with motor vehicle safety and traffic laws then and there in existence.

38.     Plaintiffs further allege that at all relevant times herein, Defendant Tuncay breached this duty in some or all of the following ways:

   a.   by not paying full time and attention to the operation of his vehicle;

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, D.C. 20036

202-463-3030

- 7 -

b.  by following the vehicle in front of his vehicle too closely;

c.  by not keeping a proper lookout while driving his vehicle;

d.  by driving while distracted;

e.  by driving his vehicle at an unsafe and reckless speed for the traffic conditions;

f.  by not timely applying brakes or otherwise taking appropriate action to avoid or minimize the effects of the collision; and/or,

g.  by otherwise not adhering to the applicable traffic and motor vehicle regulations then and there in effect.

39.    Plaintiffs further allege that Defendant Tuncay violated traffic safety provisions which were in full force and effect in the District of Columbia at the time of the collision.

40.    By violating applicable District of Columbia safety laws and regulations, Defendant Tuncay was negligent *per se*.

41.    As a direct and proximate cause of Defendant Tuncay's negligent and reckless operation of his vehicle, Plaintiffs suffered the severe injuries and damages set forth in the above paragraphs.

42.    As a further direct and proximate result of Defendant Tuncay's negligent and reckless operation of his vehicle, Plaintiffs suffered and will continue to suffer severe physical pain, mental anguish, emotional distress, physical suffering and loss of enjoyment of life.

- 8 -

WHEREFORE, Plaintiff, Tamika Callender-Hammond, demands judgement against Defendant Yurekli Tuncay in the full and just amount of Three Million Dollars ($3,000,000.00), plus interest and costs.

WHEREFORE, Plaintiff, Raven Hammond, demands judgement against Defendants Yurekli Tuncay in the full and just amount of Five Hundred Thousand Dollars ($500,000.00), plus interest and costs.

## JURY DEMAND

Plaintiffs request a trial by jury on all of the above claims.

Respectfully submitted,

REGAN ZAMBRI LONG PLLC

By:  /s/ *Patrick M. Regan*
     Patrick M. Regan          D.C. Bar No. 336107
     pregan@reganfirm.com
     Christopher J. Regan     D.C. Bar No. 1018148
     cregan@reganfirm.com
     Daniel Santos          D.C. Bar No. 90026790
     dsantos@reganfirm.com
     1919 M Street, NW, Suite 600
     Washington, DC 20036
     PH:  (202) 463-3030
     FX:  (202) 463-0667
     *Counsel for Plaintiff*

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, D.C. 20036

202-463-3030